Santalis et al., Plaintiffs and Appellees, v. El Zenit, Defendant and Appellant.

Appeal from the District Court of Mayagüez in an Action of Debt.

Motion for change of venue.

No. 1903.—Decided July 8, 1919.

Change of Venue—Convenience of Witnesses—Personal Action.—When in a personal action the defendant, relying on section 82 of the Code of Civil Procedure, files a demurrer to the complaint and at the same time moves for a change of venue to the court of his domicile, the court commits error in denying the change of venue based on the convenience of the witnesses, because until the complaint has been answered no question of fact is at issue requiring the testimony of witnesses.

The facts are stated in the opinion.

*Messrs. M. Benítez Flores* and *I. Soldevila* for the appellant.

*Mr. Angel A. Vázquez* for the appellees.

Mr. Justice Aldrey delivered the opinion of the court.

This is a personal action for the performance of a contract brought in the District Court of Mayagüez. After being summoned the defendant filed a demurrer to the complaint and a verified motion for the transfer of the case to the District Court of San Juan, Section 2, on the grounds that its domicile is in San Juan; that the contract sued on was made in San Juan, and that the convenience of its witnesses requires the transfer. This motion was accompanied by affidavits to the effect that the defendant had a good defense.

The plaintiffs opposed the motion for a change of venue, alleging that the convenience of their witnesses demanded that the case should be tried in the court in which the complaint had been filed, and without considering the question of the defendant's domicile the court overruled the motion for a change of venue on the ground of the convenience of the witnesses. From that ruling the defendant appealed.

This being a personal action and the defendant having shown that its domicile is in the city of San Juan and having complied with the requirements of section 82 of the Code of Civil Procedure by filing a motion for a change of venue, accompanied by an affidavit of merits at the time of answering or demurring to the complaint, the lower court should have granted the change of venue, for the motion could not be opposed by the plaintiffs on the ground of the convenience of their witnesses because the complaint had not been answered and this plea was premature. *Sánchez* v. *Atlas Commercial Company, ante,* p. 57; *Carlo* v. *Central Bayaney, ante* p. 278.

The order appealed from must be

*Reversed.*

Chief Justice Hernández and Justices Wolf, del Toro and Hutchison concurred.